IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN RODRIGUEZ-FLORES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-0135 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO
DISMISS MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE,
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Came for consideration the pleading filed by petitioner MARTIN RODRIGUEZ-FLORES which has been construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By his motion, petitioner challenges his 90-month sentence imposed pursuant to his conviction for illegal reentry after removal from the United States, arguing such sentence is unconstitutional in light of *Johnson v. United States*, 576 U.S.___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). For the reasons set forth below, petitioner's motion is time-barred and should be DISMISSED.

I.
PROCEDURAL HISTORY

On August 5, 2011, petitioner pleaded guilty to the felony offense of Illegal Re-entry After Deportation in violation of 8 U.S.C. § 1326. A Presentence Report (PSR) prepared in the case assigned a Total Offense Level of 21, which included a 16-level enhancement pursuant to

U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on petitioner's prior 2007 Arizona felony conviction for Aggravated Assault.[1] The PSR characterized the offense underlying the prior Arizona conviction as a qualifying "crime of violence."

On October 25, 2011, the United States District Judge sentenced petitioner to a term of 90 months imprisonment, a sentence within the advisory guideline range of 77 to 96 months, and Judgment was entered. Petitioner did not directly appeal his conviction to the United States Court of Appeals for the Fifth Circuit. Consequently, petitioner's judgment of conviction became final on November 8, 2011 upon the expiration of time to seek direct appellate review. *See* Fed.R.App.Proc. 4(b)(1)(A)(I). The one-year statute of limitations thus began to run on November 9, 2011, making petitioner's motion to set aside, vacate or correct his sentence due to be filed on or before November 9, 2012. On June 24, 2016, petitioner placed the instant motion in the prison mailing system, such petition being received and filed of record on June 30, 2016. Petitioner's motion, treated as filed June 24, 2016, was filed well over one (1) year after his conviction became final. Therefore, petitioner's motion to set aside, vacate or correct his sentence is untimely and should be dismissed.

II.
PETITIONER'S ALLEGATION

To the extent petitioner argues *Johnson v. United States*, 576 U.S.___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) applies to his case, that his limitations period should be extended and that he is

---

[1] That subsection provides: "If the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a crime of violence . . . increase by 16 levels."

entitled to relief, his claim is without merit.[2]

As set out above, petitioner was not sentenced under the residual clause of the ACCA. Petitioner's reliance on *Johnson* is misplaced. *See In re Arnick*, 826 F.3d 787, 788 (5th Cir. June 17, 2016). It is the opinion of the undersigned that respondent is correct and that *Johnson* is not applicable to petitioner's case.

Petitioner's challenge is a challenge to the USSG guidelines applied to his case at sentencing. The Supreme Court has found, in analyzing *Johnson* challenges, the USSG guidelines "are not amenable to a vagueness challenge" under *Johnson*, despite a similarity in the language used in the "residual clauses" of the USSG guidelines and the ACCA. *See Beckles v. United States*, ___ U.S.___, 137 S.Ct. 886, 894, 197 L.Ed.2d 145 (2017). This is because the guidelines, and their applications to a petitioner's sentence by a District Judge, are discretionary, not mandatory. *Id*. Therefore, even if petitioner's claim was not time barred, it would not be cognizable under section 2255.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by petitioner MARTIN RODRIGUEZ-FLORES be, in all things, DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions

---

[2] The Supreme Court has since held that the holding of *Johnson* is retroactive on collateral review in Armed Career Criminal Act (ACCA) cases. *See Welch v. United States*, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016).

and Recommendation to the petitioner by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED October 30, 2017.

      */s/ Lee Ann Reno*
      LEE ANN RENO
      UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

      Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).